**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JONATHAN W. PURSELL, #2420682** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:22cv833** |
| | § | |
| | § | |
| **LEWIS TATUM, ET AL.** | § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Jonathan Wade Pursell filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983.  Plaintiff, however, has subsequently filed a motion to voluntarily dismiss his case as he (Dkt.#23).  Voluntary dismissals by a plaintiff are governed by Federal Rule of Civil Procedure 41(a)(1)(A) that provides, in pertinent part, "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  "Unless the notice…states otherwise, the dismissal is without prejudice."  Fed. R. Civ. P. 41(a)(1)(B).  The notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required.  *In re Amerijet Int'l, Inc.,* 785 F.3d 967, 973 (5th Cir. 2015) (per curiam).  Thus, once a plaintiff has moved to dismiss under Rule 41(a)(1)(A)(i), the case is effectively terminated; the court has no power or discretion to deny plaintiff's right to dismiss or to attach any condition or burden to that right.  *Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir. 1976);  *In re Amerijet Int'l, Inc.,* 785 F.3d at 973; *Carter v. United States,* 547 F.2d 258, 259 (5th Cir. 1977) (plaintiff has absolute right to dismiss his complaint under Rule 41(a) prior to the filing of an answer or motion for summary judgment).

In the present case, Defendant has not filed an answer or a motion for summary judgment; thus, Plaintiff is entitled to the voluntary dismissal of the lawsuit without prejudice. Plaintiff's suit was dismissed the moment the motion to dismiss (Dkt. #23) was filed with the Clerk. Moreover, after a notice of voluntary dismissal is filed, the district court loses jurisdiction over the case. *In re Amerijet Int'l, Inc.,* 785 F.3d at 973.

Accordingly, it is **ORDERED** Plaintiff's motion to dismiss (Dkt. #23) is self-effectuating and terminates the case in and of itself, and the case is **DISMISSED** without prejudice pursuant to Fed. R. Civ. 41(a)(1)(A),(B).   All motions by any party not previously ruled upon are **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 20th day of January, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE